UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-03-04658 |
| § | |
| BRUCE E. SNYDER, JR, § § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion for Partial Summary Judgment on the Issue of Permanent Injunctive Relief and an Officer/Director Bar (Docket # 108), Defendant's Motion for Partial Summary Judgment on the Issue of Aiding and Abetting a Violation of § 13(A) of the Exchange Act (Docket # 110), and Defendant's Motion for Summary Judgment (Docket # 112).  For the following reasons, Defendant's motions are **DENIED**.

This case involves various securities fraud allegations against Defendant, the former Vice President and Chief Accounting Officer of Waste Management, Inc. ("WMI").  Plaintiff has charged Defendant with false reporting and with aiding and abetting a false reporting violation, arising from WMI's allegedly misleading and materially false Form 10-Q for the first quarter of 1999.  Plaintiff has also charged Defendant with insider trading of WMI stock.  Defendant moves for summary judgment, arguing that Plaintiff cannot prove that he had the mental state required to be found liable for any of the claims against him, and that the undisputed facts show that a permanent injunction and officer/director bar would be inappropriate.

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented.  *See* Fed. R. Civ. P. 56(c).  "Summary judgment is proper if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted). Evidence is construed in the light most favorable to the non-moving party. *Id*.

Having considered Defendant's motions for summary judgment and the parties' respective filings, the Court finds and holds that there are material issues of fact still in dispute. For example, the parties have produced contradictory evidence of Defendant's level of knowledge at the time of his alleged violations. Whether Defendant knowingly violated securities laws is therefore in factual dispute, and summary judgment is inappropriate. Indeed, the issue of knowledge is an archetypal example of an issue for the jury.

Additionally, the determination of whether permanent injunctive relief is warranted is inherently factual. It will necessarily involve such disputed variables as the egregiousness of Defendant's alleged actions, Defendant's role and economic stake in the alleged violation, Defendant's degree of scienter, Defendant's recognition of the wrongful nature of his conduct, and the likelihood of future misconduct. Judgment as a matter of law is therefore inappropriate, and Defendant's motions for summary judgment are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 3rd day of November, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.