IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>BRUCE SNYDER, JR.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. H-03-4658 |

## MEMORANDUM AND ORDER

Defendant has filed the following documents:

1. Bruce E. Snyder's Motion for New Trial Pursuant to Fed.R.Civ.P. 59 Following Denial of his Fed.R.Civ.P. Rule 59(e) Motion To Alter the Court's September 5, 2006 Judgment.

2. Bruce E. Snyder, Jr.'s Alternative Motion to Reconsider the Court's Denial of his Amended Placeholder Motion for New Trial.

Other significant motions filed by the Defendant have included:

3. Motions for Judgment as a Matter of Law at the close of Plaintiff's case in chief, and at the close of all evidence.

4. A Renewed Motion for Judgment as a Matter of Law after the jury returned a verdict unfavorable to Defendant on every issue submitted.

5. A Motion for New Trial.

6. A Motion to Alter Judgment.

7. A Motion for Costs.

8. An Amended Motion for New Trial.

A.     **Defendant's Pending Motions**

Defendant asks this Court to reconsider its ruling on Defendant's most recent Motion for New Trial. Accordingly, this Court's previous Memorandum and Order of May 17, 2007, is **VACATED**. This Memorandum and Order is **SUBSTITUTED** therefor.

In that earlier Motion, and again in these Motions, Defendant asked that a new trial be ordered because, first, the greater weight of the evidence established that the verdict was in error. As set forth in this Court's Order Denying Motion for Renewed Judgment as a Matter of Law, there was ample evidence from which the jury could have reached the verdict it did. Whether the relief is sought as a judgment as a matter of law, or a new trial, the Court remains of the view that the relevant evidence was before the jury, including conflicting evidence that required the jury to make judgments as to credibility, and that there is absolutely no reason to disturb the verdict.

Defendant next argues that the Court made various errors in jury instructions, on Motions in Limine, and on the admission of evidence. Defendant's discussion of these alleged errors is so cursory, however, that the Court is left to wonder whether even Defendant feels they are meritorious. Some of the writing is scarcely intelligible. For example, Plaintiff contends, "The Court erroneously allowed the SEC to present testimony to show changes, for example, the Brown/King investigation of the second quarter of 1999 and the Second Quarter 1999 Form 10-Q, made in the second quarter as evidence that the First Quarter 1999 Form 10-Q was incorrect." (Deft.'s Am. Placeholder Mot. For New Trial 6.) In the course of the hard-fought, multi-week trial, all counsel had an opportunity to argue evidentiary and jury instruction issues, and Defendant suggests no reason to believe that the ensuing rulings are in error. Plaintiff's Response is more than adequate on each issue. Even if there were error, none of the alleged errors can be considered so prejudicial as to require the verdict to be set aside. Finally, Defendant requests a new trial because

Defendant believes the Court disagreed with the jury's verdict. On the contrary, the Court – for reasons set forth in earlier writings and statements from the bench – believed that the jury behaved as a jury should, making difficult decisions upon copious evidence.

### B.  In the Penalty Phase of This Case, the Court Imposed Penalties Far Less Severe Than Plaintiff Had Sought

After the jury's verdict, and after Defendant's latest Motion for Judgment as a Matter of Law, an evidentiary hearing was conducted as to the penalty phase of this case. Experts testified for both sides, and Defendant himself also testified. The Court then entered a twenty-one page Memorandum and Order as to the issue of appropriate remedies. On nearly every significant point, the Court ruled in favor of Defendant and against Plaintiff.

In particular, Plaintiff sought four categories of relief: 1) an injunction against Defendant's further violations of the securities laws; 2) an order prohibiting Defendant from serving as an officer or director of public companies; 3) an order requiring Defendant to disgorge profits made from the two stock sales that the jury had found were based on material, non-public information, and 4) an order requiring Defendant to pay civil money penalties totaling $440,860.00. Only as to the third category did the Court award the relief requested by Plaintiff. The Court set forth its reasoning in great detail, finding that Defendant's conduct, although found by the jury to be violative of securities laws, was not egregious, finding the misconduct to be isolated rather than recurrent, finding sincere Defendant's assurances that the conduct would not recur, finding that there was little opportunity for Defendant again to commit such violations because the jury verdict had made him all but unemployable in the accounting field, and finding that the devastation caused to Defendant by this proceeding counseled against injunctive relief or additional monetary damages.

The Court never, for a moment, entertained any doubt as to the anguish that Defendant and his family have endured through this long-running ordeal. On the contrary, at every instance, this Court has tried to indulge Defendant and his lawyers in every procedural accommodation, always mindful that it is exceedingly difficult for any individual to litigate against the federal government.

At this juncture, however, as we approach the fourth anniversary of this case's filing, and having passed the eighth anniversary of most of the pertinent conduct, the time has come for the trial court phase of the case to end. Defendant, as well as Plaintiff, certainly have the full panoply of appellate rights. But, on the facts and law adduced thus far, the Court is far more confident in the correctness of the jury's considered verdict than in the marked leniency of its own rulings in the penalties phase. All pending Motions are **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas on ___6th___ day of June 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE